Trustees of the Congregational Society of Evanston

*v.*

Joseph Hubble.

1. CONTRACT—*services under special contract—recovery without full performance.* In an action to recover for work and labor done, and materials furnished, in the erection of a church, it appeared there was a special contract to complete the building by a certain day at a certain price, payable in installments, and that the plaintiff did not complete the same, defendants claiming that he had abandoned the work. The court instructed the jury for the plaintiff, that if they believed "from the evidence, that defendants commit-

ted the first breach of the contract by ignoring their obligations under it, and on account of such breach by the defendants the plaintiff is entitled to recover for the full amount of the work done by him at the time the defendants took possession of the building, to be estimated according to the original contract price, if the jury find from the evidence that such work has not been all paid for:" *Held,* that the instruction was obscure and calculated to mislead. The breach of defendants relied on to justify an abandonment should have been stated and left to the jury to be found from the evidence.

2. SAME—*recovery on partial performance.* In an action seeking to recover for services on partial performance of a special contract on the ground of cause for not fully performing, where there was proof of payment, it is error to instruct the jury that if there was cause for abandoning the work before completion, the plaintiff is entitled to recover for the full amount of the work done according to the contract price, provided the work had not all been paid for. It should have authorized the recovery of the unpaid balance only.

APPEAL from the Superior Court of Cook County; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. H. A. WHITE and Mr. W. T. BURGESS, for the appellants.

Mr. JOHN W. KREAMER and Mr. H. B. HURD, for the appellee.

Per CURIAM: This was an action of assumpsit, brought by Hubble to recover for work and labor done, and materials furnished by him toward the erection of a church edifice for this society.

The facts in evidence disclose that a contract in writing was entered into between the parties for the work and materials for this building, to be completed by the 15th day of June, 1869, for $7,700, to be paid, excepting twenty per cent of it, by installments, as the work progressed.

Hubble not having completed the building by the time specified, and having, as claimed, abandoned the work, the trustees of the society employed other workmen and completed the work themselves.

The trial resulted in a verdict and judgment in favor of the plaintiff below, and the defendants appealed.

We deem it unnecessary to notice more than one of the assignments of error, and that is, in the giving of the seventh instruction for the plaintiff, which was as follows:

7. "If the jury believe, from the evidence, and under the instructions, that the defendants committed the first breach of the contract, by ignoring their obligations under it, and on account of such breach by the defendants, the plaintiff is entitled to recover for the full amount of the work done by him at the time the defendants took possession of the building, to be estimated according to the original contract price, if the jury find, from the evidence, that such work has not been all paid for."

This instruction was obscure, and calculated to mislead the jury. They were left to wander in a field of too much conjecture and indefiniteness in finding whether the defendants had ignored their obligations under their contract.

They might have considered the defendants had done that, although they had actually kept their contract. It was in evidence that the defendants asked a bond of the plaintiff, to secure them against the liens of sub-contractors in payments they should make; and this might have been deemed "ignoring their obligations under" the contract, although there might not have been any breach of the contract in not making any payment that was due according to its terms. Whatever act or omission might have been relied upon as constituting a breach of the contract, the jury should have been left to find that specific fact.

The instruction also authorized the jury, in case they found that the work done by the plaintiff had not all been paid for, to find for the plaintiff for the full amount of the work done by him, instead of for the unpaid portion of it—it being in evidence that payments had been made for the work.

For error in giving this instruction the judgment is reversed and the cause remanded.

*Judgment reversed.*